■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH P. LOSCHIAVO, Appellant.— Judgment unanimously reversed, on the law and the facts, and new trial granted. Memorandum: Appellant was convicted of aiding a 19-year-old girl who uttered and possessed a forged commercial instrument. The girl, who pleaded guilty to being a youthful offender, was called at the trial to testify for the prosecution. She testified that the appellant, who was waiting in his car, was not aware that she was passing the forged check in question in a Batavia, New York store. Over defense counsel's objection, the District Attorney was allowed pursuant to section 8-a of the Code of Criminal Procedure (now CPL 60.35) to question the witness about inconsistent statements made by her on two prior occasions. On the night of the crime in question the witness had given a complete subscribed statement to the Batavia police inculpating the appellant in the crime charged and also implicating him in other illegal acts. At her sentencing as a youthful offender she stated that "they (meaning appellant and her boyfriend) knew what I was doing". In *People* v. *Tisdale* (18 A D 2d 274, 276) we held that: " There is, of course, a statutory rule that for purpose of impeachment a party may introduce proof that a witness has made a prior statement in a subscribed writing or under oath inconsistent with his testimony (Code Crim. Pro., § 8-a)." The witness's prior statement at her sentencing was neither a subscribed writing nor under oath and proof of the statement should not therefore have been permitted in evidence. With respect to the witness's prior written statement, it was error to permit the District Attorney to question her about statements made therein having to do with collateral matters not inconsistent with her in-court testimony (cf. *People* v. *Welch,* 16 A D 2d 554). " The legal principle is well established that the use of • • • a prior statement has no substantial or independent testimonial value and may not be introduced ' as affirmative evidence of guilt or the facts stated' [citing cases] " (*People* v. *Tisdale, supra,* p. 276). Although the trial court properly charged the jury as to the limited purpose of these statements, it is reasonable to conclude in view of the weak independent evidence of appellant's guilt and the brief time the jury deliberated that it may well have accepted the proof of the prior statements as " affirmative evidence of guilt on the facts stated". The District Attorney's summation in which he told the jury that they could consider these prior statements "any way you want" clearly compounded the error. We conclude, therefore, that these errors were prejudicial so as to require a reversal of the appellant's conviction and a new trial. The other arguments advanced on this appeal by appellant are without merit and do not warrant discussion. (Appeal from judgment of Genesee County Court convicting defendant of criminal possession of forged instrument, second degree.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Henry, JJ.